**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>vs.<br><br>Curtis L. Morris,<br><br>            Defendant. | No. CR-20-50242-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant Curtis L. Morris's Motion for Reconsideration (Doc. 9), in which he asks the Court to reconsider its Order (Doc. 8) denying his Motion for Early Termination of Supervised Release (Doc. 2).

"Courts have held that motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." *United States v. Krug*, No. CR 09-01148-MMM, 2012 WL 12973474, at *1 (C.D. Cal. Oct. 24, 2012). Civil rules allow for reconsideration based on newly discovered evidence, clear error, an intervening change in the controlling law, mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation, misconduct, or any other reason that justifies relief. *See Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 59 & 60.

No such reason is present here. The Court declined to terminate Defendant's supervised release because he still owes more than $1.3 million in restitution. (Doc. 8). Defendant argues that the restitution balance does not itself justify continued supervised

release, but the Court's Order cited Ninth Circuit case law to the contrary. *See United States v. Oak*, 398 F. App'x 274, 274–75 (9th Cir. 2010) (finding that the district court properly based its decision to deny early termination of supervised release "upon the finding that [the defendant] still owes more than $200,000 in restitution"). Defendant further argues that there is no evidence that he would discontinue payments if the Court were to terminate his supervised release early and that in any event, he will still owe most of his restitution balance when his term of supervised release ends in about 15 months. But that is not the standard for termination; rather, the Court must consider whether termination of supervised release "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). After carefully considering the circumstances of this case and the relevant sentencing factors as required by the statute, particularly "the need to provide restitution to any victims of the offense," *id.* § 3553(a)(7), the Court concluded, in its discretion, that justice would not be served by terminating Defendant's supervised release. *See United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) ("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination.") While the Court applauds Defendant's history of compliance with the terms of his supervised release, Defendant has not presented any new evidence or shown any clear error, mistake, or any other grounds for reconsideration. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration (Doc. 9) is **denied**.

Dated this 9th day of September, 2022.

Honorable Steven P. Logan
United States District Judge